IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAGE CAPITAL CORPORATION f/k/a § | |
| SAFECO CREDIT CO., INC., § | |
|     Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. B-01-191 |
| § | |
| SWEEZY CONSTRUCTION, INC., § | |
| KENT M. SWEEZY and PAULINE § | |
| SWEEZY, § | |
|     Defendants | |

**SAGE CAPITAL CORPORATION'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE,
MOTION FOR EXTENSION OF TIME IN WHICH TO
EFFECT SERVICE OF PROCESS**

TO THE HONORABLE UNITED STATES MAGISTRATE:

SAGE CAPITAL CORPORATION f/k/a SAFECO CREDIT CO., INC., Plaintiff, (*hereinafter "Sage Capital"*) files this its Response to Defendants' Motion to Dismiss or in the Alternative, Motion for Extension of Time in Which to Effect Service of Process, and in support thereof would respectfully show the Court as follows:

1. Plaintiff's Original Complaint and Application for Writ of Sequestration were filed on or about November 13, 2001. On the same day, the undersigned counsel for the Plaintiff delivered to the attorney for the Defendants and the registered agent for service of process for Sweezy Construction, Inc., a copy of the Complaint.

2.  Notices of Lawsuit and Request for Waiver of Service of Summons were prepared for Juan Magallanes, as registered agent for service of process for Sweezy Construction, Inc. and for Kent Sweezy and Pauline Sweezy, copies of which are attached hereto as *Exhibit "A"*. The undersigned has no record that these were in fact executed and delivered to Juan Magallanes on the same date that the Complaint was served.

3.  Thereafter, possession of the equipment was obtained without the necessity of the issuance of the Writ.

4.  Sage Capital held in abeyance the decision to prosecute this action pending a determination of the value of the leased equipment.

5.  Sage Capital later determined that it was in its interest to pursue the contractual damages and service was effected upon Defendants Kent M. Sweezy and Pauline Sweezy by Ernest Abrego on April 18, 2002 and upon Sweezy Construction Co., Inc. on April 16, 2002.

6.  Federal Rule of Civil Procedure 4(m) provides as follows: "If service of the Summons and Complaint is not made upon a Defendant within 120 days after the filing of the Complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant or direct that service be effected within a specified time; provided that if the Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period . . ."

7.  The plain language of Rule 4(m) broadens the District Court's discretion by allowing it to extend the time for service even when the Plaintiff has not shown good cause.

*Mosley v. Chromcraft Furniture*, 1996 WL 408062 (N.D. Miss.). Therefore, the Court has discretion to extend the deadline for a certain period of time without good cause. The Court may also extend the deadline on a showing of good cause or good faith. *Laird v. Jimenez*, 2000 WL 385533 (E.D. La.).

8. Even if the Court were to dismiss the case against these Defendants, it would be without prejudice. Since this is a suit on a contract, the breach of which did not occur until July of 2001, the Plaintiff has ample opportunity to refile and effect service. This would unnecessarily burden the litigants, the clerk and the court without a meaningful gain.

9. Plaintiff requests that the Court grant an enlargement of time of thirty-seven (37) days in which to effect service. Since service has already been effected within thirty-seven (37) days, the Motion to Dismiss would then properly be denied.

10. In the alternative, Plaintiff requests that the Court find that good cause exists for the extension of time in which to serve these Defendants until April 16th and April 18th for the reason that Citations were in fact delivered to counsel for the Defendants personally on the date that the Complaint was filed and that the Plaintiff took an appropriate period of time in which to evaluate the potential resale of the leased equipment to determine whether it would sustain an actionable loss.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny the Motion to Dismiss or in the Alternative, to direct that service be effected on or before April 19, 2002.

| STATE OF TEXAS | § | |
|---|---|---|
| | § | **VERIFICATION** |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned Notary Public, on this day personally appeared CHRIS BOSWELL, who, after being duly sworn, stated under oath that he is the attorney for Plaintiff in this action; that he has read the Response; and that every statement contained in the Response is within his personal knowledge and is true and correct.

_____
Chris Boswell

SUBSCRIBED AND SWORN TO BEFORE ME on this the __22nd__ day of May, 2002.



_____
Notary Public - State of Texas

---

Sage Capital's Response to Defendants' Motion to Dismiss/3236.                Page 5

Respectfully submitted this 22nd day of May, 2002.

OF COUNSEL:

STAPLETON, CURTIS
  &amp; BOSWELL, L.L.P.

_____
Chris Boswell
Attorney in Charge
State Bar No. 02683300
Southern District of Texas
Admissions Id. No. 1256
515 E. Harrison, Suite "A" (78550)
Post Office Box 2644
Harlingen, Texas 78551
Telephone: (956) 428-9191
Telecopier: (956) 428-9283

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May, 2002, a true and correct copy of the above and foregoing document was forwarded to counsel for Defendants herein, Mr. Juan Magallanes, 1713 Boca Chica Blvd., Brownsville, Texas 78520, via hand delivery.

_____
Chris Boswell

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) __JUAN MAGALLANES__

as (B) __REGISTERED AGENT/SERVICE__ of (C) __SWEEZY CONSTRUCTION, INC.__

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) __Southern__ District of __Texas__
and has been assigned docket number _____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) __30__ days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of
__NOVEMBER__, __2001__.

 

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any

*EXHIBIT "A"*

AO 398 (Rev. 12/93)

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) __KENT M. SWEEZY__

as (B) _____ of (C) _____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____Southern_____ District of _____Texas_____
and has been assigned docket number _____.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) __30__ days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of
_____NOVEMBER_____, _____2001_____.

                                                           Signature of Plaintiff's Attorney
                                                           or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any

AO 398 (Rev. 12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: (A) __PAULINE SWEEZY__

as (B) _____ of (C) _____

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____Southern_____ District of _____Texas_____
and has been assigned docket number _____.

  This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver
within (F) __30__ days after the date designated below as the date on which this Notice and is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

  If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

  If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

  I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of
__NOVEMBER__, __2001__.

                    _____
                     Signature of Plaintiff's Attorney
                     or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any